[Cite as *State v. Jones*, 2017-Ohio-251.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0017** |
| BRANDON T. JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00345.

Judgment: Affirmed in part; reversed in part and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Derek Cek*, 2725 Abington Road, Suite #102, Fairlawn, OH 44333 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Brandon Jones, appeals his convictions for trafficking and possession of heroin following a jury trial. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

{¶2} On May 30, 2014, Jones was a passenger in a vehicle operated by Octavia Workman. The Ashtabula County Sheriff's Department was investigating a

stolen dirt bike, and received a report that the bike had been seen at Workman's apartment. The police pulled over Workman's vehicle after a security guard watched Jones and Workman leave her apartment building and leave in her car. Both occupants were seen making "furtive movements" indicating that they were attempting to hide something.

{¶3} Deputy Evan Wolff described the passenger, Jones, as bending forward at the waist. Wolff was unable to see Jones momentarily when walking toward Workman's car. Wolff observed Workman twisting sideways only, and he never lost sight of her head and shoulders. Whereas, Wolff described losing sight of Jones' head and shoulders for approximately five seconds.

{¶4} Workman had warrants for her arrest and was arrested. Deputy Matthew Johns, also on the scene, removed Jones from the car and conducted a pat-down believing something in Jones' pocket may have been a weapon. Johns found a lighter, a bag of marijuana, and a large amount of cash on Jones.

{¶5} The deputies then searched the vehicle and found a baggie containing what appeared to be a "large chunk" of heroin hidden and lodged under the front passenger's seat. The deputies also found a store receipt for the purchase of two boxes of baggies on the front seat passenger floor.

{¶6} The deputies explained that the baggie containing the heroin was not fingerprinted as it is generally difficult to secure a good print from a plastic bag. Deputy Wolff agreed on cross-examination that he could not determine how long the heroin had been under the seat.

{¶7} Workman testified that she did not see what Jones was doing just prior and at the time of the stop since her attention was on the police, and she denied attempting to hide anything when she was pulled over.

{¶8} The substance in the baggie later tested positive as heroin and weighed 1.08 grams.

{¶9} Workman subsequently authorized a search of her two-bedroom apartment. One of the bedrooms was hers and the other bedroom was full of men's clothing and shoes. In Workman's bedroom, the officers found drug paraphernalia, including a hypodermic needle and spoon.

{¶10} In the bedroom that was full of men's shoes and clothing, the police found a digital scale, a safe, and drug packaging materials including different types of baggies and rubber gloves. They found another scale in the hallway. The state used the fact that this bedroom contained men's clothing in an attempt to prove the room was used by Jones. There was no direct testimony that Jones had stayed in or used this second bedroom as his own.

{¶11} Workman told the police that Jones stayed with her occasionally and had been staying with her before their stop for a few days. She testified at trial that she had seen Jones "dealing drugs" while he was staying with her. However, she did not state what type of drugs she had seen him "dealing" during this time, and she was never asked to identify the "drugs" that he sold.

{¶12} Workman also testified that the digital scales did not belong to her and that the heroin found in her car did not belong to her.

{¶13} The police returned to Workman's apartment approximately one week later with a warrant to search the safe. Workman said the safe belonged to Justin Stokely. Stokely's safe contained multiple firearms, ammunition, cash, drug paraphernalia, and plastic baggies. On the date of this second visit to Workman's apartment, the police found heroin and more drug paraphernalia. As a result, Stokely was charged with possession of heroin. Jones was not present for this search.

{¶14} Jones was initially charged with four counts: receiving stolen property, trafficking in heroin with a forfeiture specification, possession of heroin with a forfeiture specification, and possession of criminal tools. The state later dismissed the receiving stolen property count, and the case went to trial on the remaining three counts.

{¶15} Following the conclusion of the state's evidence, Jones' counsel moved for acquittal on all counts under Crim.R. 29(A). The court directed a verdict of acquittal on the possessing criminal tools charge, and Jones was convicted of trafficking heroin in violation of R.C. 2925.03(A)(2), a fourth-degree felony, and possession of heroin in violation of R.C. 2925.11(A)(C)(6)(b), a fourth-degree felony.

{¶16} He was sentenced to two, eighteen-month sentences to be served concurrently. The trial court also ordered forfeiture of the $1,287 cash found on Jones at the time of his arrest.

{¶17} Jones asserts seven assignments of error. We address his first and second assigned errors collectively, challenging the sufficiency and the manifest weight of the evidence supporting his convictions. They assert:

{¶18} "The trial court's decision finding appellant guilty beyond a reasonable doubt on each conviction is not supported by sufficient evidence.

4

{¶19} "The trial court erred in finding appellant guilty beyond a reasonable doubt and each conviction is against the manifest weight of the evidence."

{¶20} The Ohio Supreme Court explained the criminal manifest-weight-of-the-evidence standard of review in *State v. Thompkins*, 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541 (1997), stating that the weight of the evidence addresses whether the state's or the defendant's evidence is more persuasive. *Id.* at 386-387. "[A]lthough there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. * * * 'When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.'" (Citations omitted.) *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶25, citing *Thompkins* at 386-387. Further, "weight of the evidence addresses the evidence's effect of inducing belief." *Id.*

{¶21} A challenge based on insufficient evidence invokes a due process concern and requires the assessment of whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶113. "'[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary* to constitute the crime with which [the accused] is charged.' (Emphasis added.)" *State v. Nucklos*, 121 Ohio St.3d 332, 2009-Ohio-792, 904 N.E.2d 512, ¶6, quoting *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068 (1970).

{¶22} "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**Possession of heroin**

**{¶23}** Jones was convicted of possession of heroin, a fourth-degree felony in violation of R.C. 2925.11(A), which prohibits a person from knowingly obtaining, possessing, or using a controlled substance or a controlled substance analog.

**{¶24}** Jones takes issue with the circumstantial nature of the state's case and claims there was no evidence that he was aware of the baggie of heroin found hidden under the passenger seat of the car or that he had exercised dominion or control over the bag of heroin. Thus, he claims his possession of heroin conviction was based on insufficient evidence. We disagree.

**{¶25}** "Possession of drugs can be either actual or constructive." *State v. Fogle*, 11th Dist. Portage No. 2008-P-0009, 2009-Ohio-1005, ¶28, citing *State v. Rollins*, 3d Dist. No. 11-05-08, 2006-Ohio-1879, ¶22, quoting *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787 (1971). "Constructive possession exists when an individual is able to exercise dominion or control of an item, even if the individual does not have the item within his immediate physical possession." (Quotation omitted.) *State v. Kingsland*, 177 Ohio App.3d 655, 2008-Ohio-4148, 895 N.E.2d 633, ¶13 (4th Dist.).

**{¶26}** When a person knowingly exercises control of a thing that is readily available and in close proximity to him, sufficient evidence exists to support a finding of constructive possession. *State v. Swalley*, 11th Dist. Ashtabula No. 2010-A-0008, 2011-Ohio-2092, ¶54-55, citing *State v. Lamb*, 9th Dist. Summit No. 23418, 2007-Ohio-5107, ¶12. Dominion and control can be proven via circumstantial evidence. *Id.*

{¶27} Here, the evidence establishes that Jones was the passenger in Workman's vehicle. Upon pulling over the vehicle, Deputy Wolff saw Jones bending over in the car's seat, and Wolff momentarily lost sight of Jones while he was walking toward Workman's vehicle. Moments later, Johns found the baggie of heroin hidden underneath Jones' seat. Workman denied it was hers.

{¶28} The heroin did not have to be found directly on Jones' person to establish possession. *Id.* There was sufficient circumstantial evidence showing that Jones was hiding the heroin under his seat while the officer approached the vehicle to support his conviction. Further, upon weighing the evidence before the trial court, we disagree that his possession conviction is against the manifest weight of the evidence.

**Trafficking heroin**

{¶29} Jones was convicted of trafficking heroin in violation of R.C. 2925.03(A)(2), which prohibits a person from knowingly: "Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."

{¶30} The state operated under the theory that Jones was knowingly selling heroin while he was staying with Workman. The state argues that it proved Jones was preparing heroin for sale or was selling heroin based on the evidence that Jones had a "large chunk" of heroin in his possession in Workman's car along with a receipt reflecting the purchase of baggies, which are used to package drugs for sale. The state also points to the fact that Jones was staying with Workman and the bedroom

containing men's clothing also contained items associated with selling or distributing illegal drugs, i.e., baggies, rubber gloves, and a digital scale. The state asserts that this evidence coupled with Workman's testimony that she had seen Jones "selling drugs" while he lived with her was sufficient evidence establishing that he knowingly trafficked a controlled substance.

{¶31} Jones argues that his trafficking conviction was improper because the state did not establish there was heroin in the apartment prepared or intended for sale, and because it failed to connect the heroin found in the car to the "trafficking" items found in Workman's apartment.

{¶32} In addition, there was no evidence as to whether the amount of heroin found on Jones at the time of his arrest, i.e., 1.08 grams, was consistent with an amount that would be divided and sold or whether this amount was consistent with an amount typically maintained for personal use. There was likewise no testimony that this amount was too large for personal consumption.

{¶33} Furthermore, while there was testimony regarding baggies and a digital scale in Jones' purported bedroom, there was no corresponding explanation that these items are used to weigh and apportion heroin for sale. "A police officer may testify as to matters within their experience and observation which may assist the trier of fact[,]" including "the amount of drugs and how they are packaged. " (Citations omitted.) *State v. Bryant*, 8th Dist. Cuyahoga No. 65614, 1994 Ohio App. LEXIS 2385, *6. Police may testify about the amount and nature of drugs obtained and the relevance of these facts that indicate that an individual is selling illegal drugs. *State v. Young*, 8th Dist. Cuyahoga No. 92744, 2010-Ohio-3402, ¶19. Although there was testimony that there

8

was "residue" on the digital scale found in the male's bedroom at Workman's apartment, there was no testimony describing the "residue" or indicating it was consistent with heroin.

{¶34} In spite of the direct testimony that Workman saw Jones "selling drugs," she never identified what type of "drugs" she saw him selling. There was nothing establishing what type of "drugs" he sold. Further, Workman never testified that her second bedroom was being used by Jones. Although the state proved that Jones possessed heroin and marijuana and that the apartment where he had been staying a few days contained plastic baggies, rubber gloves, and a digital scale, there was simply no evidence that he prepared for sale, shipped, distributed, or sold heroin. Further, the fact that Jones had both marijuana and heroin in his possession permits a reasonable inference that he could have been selling either.

{¶35} Accordingly, upon viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found that the state proved that Jones was trafficking heroin beyond a reasonable doubt.

{¶36} In *State v. Smith*, 8th Dist. Cuyahoga No. 96348, 2011-Ohio-6466, the Eighth District Court of Appeals reversed Smith's conviction for trafficking based on insufficient evidence. Smith had three individual rocks of crack cocaine, and an officer testified that based on his experience, this amount of crack coupled with the large amount of cash found on Smith was consistent with an individual trafficking cocaine. The officer also testified that Smith showed no signs of personal drug use and that he did not have any paraphernalia on his person; thus, there was no evidence tending to show that Smith intended to use this crack personally. *Id.* at ¶44. Notwithstanding, the

9

court of appeals found the evidence insufficient to support the conviction, noting that the crack rocks were not individually packaged for sale and there was no evidence that Smith was located in a high drug area. *Id.* at ¶48.

**{¶37}** As in *Smith*, we cannot uphold Jones' trafficking conviction since the state failed to meet its burden of production at trial. Although there was direct testimony that Jones "sold drugs," there was no evidence establishing that he sold heroin, which is an essential element of the offense. Accordingly, his first assignment of error has merit in part.

**{¶38}** We do not address Jones' manifest weight argument as it pertains to his trafficking conviction in light of our decision finding insufficient evidence.

**{¶39}** Jones' third assigned error alleges, "The trial court committed plain error in convicting appellant of allied offenses in violation of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution and Section 10, Article I of the Ohio Constitution."

**{¶40}** Jones argues that his trafficking and possession of heroin convictions are allied offenses of similar import in violation of R.C. 2941.25 and the Double Jeopardy Clause of the U.S. Constitution, and as such, the offenses should have merged for sentencing pursuant to R.C. 2941.25(A). The state agrees with appellant that the trial court failed to make this determination, and agrees that we must remand the case for resentencing because the trial court failed to determine if Jones' trafficking in heroin and possession of heroin convictions were allied offenses of similar import.

**{¶41}** Notwithstanding, this issue is moot in light of our conclusion that his conviction for trafficking heroin is not supported by sufficient evidence. *State v.*

10

*Pangburn*, 12th Dist. Clermont No. CA2015-11-095, 2016-Ohio-3286, ¶35 (finding appellants' allied offense argument was moot based on a lack of sufficient evidence supporting the underlying conviction). Thus, his third assignment of error is overruled.

**{¶42}** Jones' fourth assigned error asserts: "The trial court's sentence is contrary to law by failing to comply with the applicable sentencing statutes R.C. 2929.11, 2929.12, and 2929.13."

**{¶43}** First, we note that Jones' 18-month sentence for trafficking heroin must be vacated in light of our decision that this conviction lacks sufficient evidence, and thus, we only address arguments pertaining to his remaining 18-month sentence for possession of heroin.

**{¶44}** Jones was convicted of possession of heroin in violation of R.C. 2925.11(A), a felony of the fourth degree since the amount exceeds one gram, but was less than five grams. R.C. 2929.14(A)(4) provides: "For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Thus, the court imposed the maximum, allowable sentence for his fourth-degree felony possession conviction.

**{¶45}** R.C. 2925.11(C)(6)(b) states in part: "If the amount of the drug involved * * * equals or exceeds one gram but is less than five grams, possession of heroin is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."

**{¶46}** R.C. 2929.13(C) states in part: "in determining whether to impose a prison term as a sanction for a * * * felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code and that is specified as being subject to this division

11

for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

{¶47} Jones argues his sentence is contrary to law because the trial court erroneously imposed the maximum prison term without considering the applicable factors in R.C. 2929.11 and R.C. 2929.12 and because the trial court's limited findings are not supported by the record. Specifically, Jones challenges the trial court's finding that he previously served time in prison. He also disputes that his possession of heroin conviction was more serious than the normal form of the offense. Finally, he argues the trial court should have imposed community control sanctions under R.C. 2929.13(B)(1) in light of its lack of findings that he previously spent time in prison.

{¶48} R.C. 2953.08(G)(2) states: "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶49} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶50} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶51}** "(b) That the sentence is otherwise contrary to law."

**{¶52}** Thus, R.C. 2953.08(G)(2) only allows an appellate court to modify a sentence if it "clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d. 221, 2016-Ohio-2970, ¶2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002.

**{¶53}** Jones avers that his sentence is clearly and convincingly not supported by the record because there is nothing evidencing he has ever served time in prison. As Jones contends, the trial court's sentencing entry states in part that he "has previously served time in a prison for a criminal offense." This finding is not supported by the record. Instead, the state referenced and relied on Jones' five, prior convictions, including four prior drug trafficking convictions, at the sentencing hearing. Jones did not object to the prosecutor's summation of his prior offenses. However, the state's reference to these prior offenses was very limited and did not address the corresponding sentences for any. Further, the prosecutor never stated that Jones had served time in prison. The court did not secure a presentence investigation report, and the state did not submit any exhibits reflecting he spent time in prison.

**{¶54}** In light of the lack of evidence that he served time in prison, Jones argues the trial court was required to impose community control. R.C. 2929.13(B)(1)(a) states that a trial court shall sentence a nonviolent fourth or fifth-degree felony offender to at least one year of community control if:

**{¶55}** "(1) the offender has not previously been convicted of or pleaded guilty to a felony offense; (2) the most serious charge at the time of sentencing is a fourth- or fifth-degree felony; (3) if, in a case where the court believes that no acceptable

13

community-control sanctions are available, the court requests a community-control option from the department of rehabilitation and correction, and the department identifies a program of at least one year; and (4) the offender has not previously been convicted of or pleaded guilty to a misdemeanor offense of violence committed during the two years before the commission of the instant offense." *State v. Parrado*, 11th Dist. Trumbull No. 2015-T-0069, 2016-Ohio-1313, ¶10.

**{¶56}** However, if one of any ten exceptions apply, the sentencing court has discretion to impose prison. *Id.* at ¶11. One stated exception is the offender previously served a prison term. R.C. 2929.13(B)(1)(b)(x). The record is devoid of any evidence that Jones previously served a prison term.

**{¶57}** Notwithstanding, this court has held that R.C. 2929.13(B)(1) is inapplicable upon sentencing an offender for multiple fourth or fifth-degree felony offenses, *Parrado* at ¶23, and thus, R.C. 2929.13(B)(1) was inapplicable at the time of Jones' sentencing because he was being sentenced for two, fourth-degree felonies. *Id.*

**{¶58}** However, we have since found that his trafficking conviction was based on insufficient evidence. Thus, our reversal of his trafficking offense in addition to the unsupported finding that Jones previously served a prison term require reversal and remand for resentencing. On remand, the trial court shall apply R.C. 2929.13(B)(1).

**{¶59}** Finally, Jones argues the trial court failed to adequately balance and consider the relevant sentencing factors under R.C. 2929.12, outlining the seriousness and recidivism factors. A sentencing court does not have to use specific language and render precise findings to satisfactorily "consider" the relevant seriousness and recidivism factors. *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416,

14

¶79. Instead, the defendant has the burden to affirmatively show that that the court *did not* consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with the applicable sentencing factors. *Id.*

**{¶60}** Here, the trial court relied on the limited evidence of Jones' prior convictions presented by the state. Neither Jones nor his counsel objected to or disputed the reference to his five convictions in Cuyahoga County. Furthermore, defense counsel did not present any mitigating factors in favor of imposing a more lenient sentence. Thus, we disagree that the trial court did not adequately consider the applicable sentencing factors.

**{¶61}** Notwithstanding, the state emphasized at sentencing that Jones was being sentenced for two, fourth-degree felonies and that he has several drug trafficking convictions. Thus, in light of the insufficient evidence supporting Jones' trafficking conviction and the trial court's unsupported finding that he has previously served time in prison, we clearly and convincingly find that the record does not support the sentencing court's findings. R.C. 2953.08(G)(2)(a). Accordingly, we reverse Jones' 18-month sentence for possession of heroin and remand to the trial court for resentencing.

**{¶62}** Jones' fifth argument asserts, "The trial court committed plain error in entering the forfeiture verdict."

**{¶63}** "'Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Plain error does not exist unless it can be said that but for the error, 'the outcome of the

trial clearly would have been otherwise.'"  *State v. Washington*, 6th Dist. Ottawa No. OT-12-032, 2014-Ohio-1008, ¶47, quoting *Long* at 97.

**{¶64}** R.C. 2981.04(B) states in part, "If a person pleads guilty to or is convicted of an offense * * * and the complaint, indictment, or information charging the offense or act contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, *the trier of fact shall determine whether the person's property shall be forfeited.*"  (Emphasis added.)

**{¶65}** Although appellant was charged with the forfeiture specification, the jury was not instructed to consider the issue, and it did not consider the issue.  Jones likewise never moved the court to consider this issue.  In spite of the error, the trial court independently addressed the forfeiture specification and ordered Jones to forfeit the $1,287.

**{¶66}** A few courts, including this one, have addressed this issue and held a trial court cannot consider and order forfeiture unless a defendant moves the trial court judge to decide the issue.  *State v. Cave*, 2015-Ohio-2233, 36 N.E.3d 732, ¶41 (4th Dist.); *State v. Taylor*, 11th Dist. Portage No. 2011-P-0090, 2012-Ohio-3890, ¶60 (holding the trial court erred as a matter of law in issuing an order of forfeiture).  The legislature has allocated this issue to the jury, and the trial court is precluded from deciding forfeiture without a specific motion by appellant requesting it to do so.  *Id.*

**{¶67}** Accordingly, Jones' fifth assignment of error has merit.  The trial court's forfeiture order constitutes plain error and is vacated.

16

{¶68} Jones' sixth assignment of error asserts: "Appellant received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

{¶69} Jones' ineffective assistance of counsel argument is threefold. He claims he was denied the effective assistance of trial counsel based on: (1) his attorney's failure to request merger of his trafficking and possession convictions; (2) his counsel's failure to object to the trial court's written finding that he had previously served time in prison; and (3) his attorney's failure to object to the trial court's decision to independently decide the forfeiture issue.

{¶70} To establish ineffective assistance of trial counsel, Jones must establish first that his counsel was deficient, and second, that he was prejudiced as a result, i.e., that there is a reasonable probability that but for his attorney's errors the outcome of his trial would have been different. *State v. DiNardo*, 11th Dist. Lake No. 2013-L-108, 2015-Ohio-1061, ¶27, citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Counsel's performance will not be deemed ineffective unless and until the performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Iacona,* 93 Ohio St.3d 83, 105, 2001 Ohio 1292, 752 N.E.2d 937 (2001).

{¶71} Reviewing courts must presume that an attorney's performance usually falls within the wide range of reasonable legal assistance. *State v. Carter*, 72 Ohio St.3d 545, 558, 1995 Ohio 104, 651 N.E.2d 965 (1995). Debatable trial tactics and

strategies do not constitute ineffective assistance of counsel. *State v. Phillips,* 74 Ohio St. 3d 72, 85, 656 N.E.2d 643 (1995).

**{¶72}** Jones first contends that his counsel erred in failing to request merger of his offenses at sentencing. The state argues that regardless of this likely error, Jones suffered no resulting prejudice since his sentences were ordered to run concurrently. However, having two convictions instead of one is prejudicial. *State v. Shaw*, 4th Dist. Scioto No. 07CA3190, 2008-Ohio-5910, ¶15-16 (finding prejudicial, plain error where court imposes concurrent, multiple sentences that should have merged). Regardless, this claim is moot in light of our determination that Jones' trafficking conviction was based on insufficient evidence.

**{¶73}** Jones also argues prejudicial error based on his attorney's failure to object to the trial court's written finding that he had previously served time in prison. This argument is likewise moot in light of our decision to remand Jones' possession of heroin conviction for resentencing.

**{¶74}** Next Jones argues that he suffered prejudice as a result of his counsel's failure to object to the trial court's failure to instruct the jury on the forfeiture of the $1,287. We will not generally find ineffective assistance of counsel based on the failure to object, which is typically a strategic decision. *State v. Tipton*, 11th Dist. Portage No. 2012-P-0072, 2013-Ohio-3207, ¶32*.* Again, as outlined under his fifth assigned error, we vacate the trial court's decision independently ordering forfeiture of the $1,287, and as such, this argument is also moot.

**{¶75}** Accordingly, Jones' sixth assigned error lacks merit.

18

**{¶76}** Jones' seventh and final assigned error states: "The trial court erred in improperly imposing post release control on Appellant."

**{¶77}** Jones argues the trial court erred in its post-release control notification for two reasons. First, it did not inform him that he was facing post-release control for both sentences to run concurrently. However, this argument is moot based on our finding a lack of sufficient evidence supporting Jones' trafficking in heroin conviction.

**{¶78}** Second, he asserts the trial court's written sentencing entry is deficient because it states that he was facing three years post-release control, and not that he was subject to *up to* three years post-release control. The state agrees and submits resentencing is warranted on this issue.

**{¶79}** R.C. 2929.19(B)(2)(d) requires the sentencing court to notify a defendant being sentenced for a third, fourth, or fifth-degree felony that he or she may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

**{¶80}** R.C. 2967.28(C) states in part, "Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section *shall* include a requirement that the offender be subject to a period of post-release control of *up to* three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender." (Emphasis added.)

**{¶81}** The trial court at Jones' sentencing stated: "[A]t the discretion of the adult parole authority, you could be placed on post release control after you have finished the sentence and that would mean reporting to a parole officer. That can last for three years * * *."

19

**{¶82}** The trial court states in part in its written judgment entry of sentence: "Upon completion of the prison term, the offender may be subject to a period of post-release control for three (3) years, as determined by the Parole Board pursuant to R.C. §2967.28."

**{¶83}** The court was required to inform him that he was subject to *up to* three years post-release control, not that it would last for three years. Although the court appears to have correctly informed him at the hearing that post-release control can last up to three years, he was erroneously informed that he was subject to the maximum amount of post-release control via the court's written judgment entry.

**{¶84}** "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of the sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶18. And "a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *Id.* at ¶19.

**{¶85}** Here, the trial court's written notification to Jones informed him he was subject to the maximum amount of post-release control that he was facing, and as such, there was no prejudice. In *State v. Johns*, 11th Dist. Ashtabula No. 2011-A-0003, 2012-Ohio-864, this court considered sentencing in which the trial court advised Johns that he was subject to up to five years post-release control, but it should have advised him that he was facing up to three years. Instead of remanding for resentencing, we modified John's sentence and remedied the notification error. *Id.* at ¶42.

{¶86} In light of the fact that we are remanding Jones' possession of heroin conviction for resentencing, the trial court on remand should also correct this error and make it clear that Jones is subject to post-release control for *up to* three years.

{¶87} In conclusion, the judgment of the Ashtabula County Court of Common Pleas is affirmed as to Jones' conviction for possession of heroin. His sentence for possession is remanded for further proceedings consistent with this opinion. Jones' drug trafficking conviction is reversed and vacated, and the trial court's separate forfeiture order ordering $1,287 forfeited is also vacated.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.