[Cite as *State v. Bentley*, 2017-Ohio-8943.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0017** |
| BRIDGETTE LYNN BENTLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 00738.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Myron P. Watson*, 614 West Superior Avenue, Suite 1144, Cleveland, OH 44113 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Bridgette Lynn Bentley, pleaded guilty to grand theft and was sentenced to 15 months in prison to run concurrent with her sentence in another case. She argues the trial court should have imposed a community control sanction. We affirm.

{¶2} Bentley was indicted and charged with grand theft by the Ashtabula County Grand Jury, case number 2015-CR-738, and pleaded guilty in May of 2016. She was sentenced to 15 months in prison to run concurrent with her sentence in case number 2015-CR-742, involving breaking and entering, a fourth degree felony. This appeal is from her grand theft sentence and does not encompass her conviction and sentence for breaking and entering.

{¶3} On the same date she pleaded guilty to grand theft, she also pleaded guilty to breaking and entering. Bentley's plea hearing and sentencing transcripts address both cases since she entered guilty pleas in each case at the same hearing, and the trial court imposed separate sentences at one sentencing hearing.

{¶4} She raises one assigned error:

{¶5} "The trial court erred and abused its discretion when it did not impose a community control sentence when the defendant was convicted of low-level non-violent offenses, and the court made no findings under Revised Code of Ohio 2929.13(B)(1)(c)."

{¶6} We do not review criminal sentencing issues for an abuse of discretion, but instead pursuant to R.C. 2953.08(G)(2):

{¶7} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for

2

review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶9}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶10}** "(b) That the sentence is otherwise contrary to law."

**{¶11}** Bentley challenges her sentence based on the court's failure to impose community control sanctions instead of prison pursuant to R.C. 2929.13(B)(1)(a), which requires the imposition of community control in lieu of prison for nonviolent offenders if four factors are satisfied. Although appellant's assigned error asserts the trial court erred in failing to consider (B)(1)(c), the substance of her brief quotes and applies subsection (B)(1)(a), not (B)(1)(c). Thus, we analyze under R.C. 2929.13(B)(1)(a):

**{¶12}** "(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to *a* felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court *shall* sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

**{¶13}** "(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

**{¶14}** "(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

**{¶15}** "(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

**{¶16}** "(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed." (Emphasis added.)

**{¶17}** Bentley argues the court was required to impose a community control sanction because she had not previously pleaded guilty or been convicted of a felony, and she satisfied the other R.C. 2929.13(B)(1)(a) factors. We disagree.

**{¶18}** As stated, Bentley was convicted in two cases to separate felony offenses of the fifth and fourth degrees. She pleaded guilty to breaking and entering, a fifth-degree felony, on the same day and at the same hearing she entered her guilty plea in this case to a fourth-degree felony.

**{¶19}** This court has previously considered and rejected comparable arguments upon applying the plain language of the statute because R.C. 2929.13(B)(1)(a) only applies upon a court's sentencing an offender for a single fourth- or fifth-degree felony, not multiple ones. *State v. Parrado*, 11th Dist. Trumbull No. 2015-T-0069, 2016-Ohio-1313 ¶23; *State v. Jones*, 11th Dist. Ashtabula No. 2016-A-0017, 2017-Ohio-251, ¶55. R.C. 2929.13(B)(1)(a) is inapplicable upon sentencing an offender for multiple fourth- or fifth-degree felony offenses. *Id.* "If the legislature intended the presumption pertaining to community control to apply to situations in which an offender was convicted of or

4

pleaded guilty to multiple felonies of the fourth or fifth degree, it could have pluralized these terms [in the statute]. It did not do so." *Id.*

{¶20} Here, Bentley pleaded guilty to a separate, fourth-degree felony offense on the same date she entered her guilty plea in this case. Thus, as in *Parrado* and *Jones*, R.C. 2929.13(B)(1)(a) does not apply because she was pleading guilty to more than one felony. *Id.*

{¶21} Bentley's sole assigned error lacks merit, and the trial court's decision is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.