**[Cite as *State v. Goss*, 2024-Ohio-2648.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-72 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-0237(A) |
| | : | |
| JEFFERY GOSS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 12, 2024

. . . . . . . . . . .

ADAM JAMES STOUT, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Jeffery Goss appeals from his convictions for four counts of receiving stolen property. On appeal, Goss contends that the trial court erred by imposing consecutive sentences, which failed to comport with R.C. 2929.14(C). For the reasons outlined below, we affirm the judgment of the trial court.

## I.    Facts and Procedural Background

{¶ 2} In December 2022, Goss and a co-defendant acquired and cashed 13 checks totaling approximately $5,475. The checks were drawn from the account of an elderly woman with dementia. Goss claimed that the checks were for work performed and that he was overpaid.

{¶ 3} Goss was indicted on April 18, 2023, for 13 counts of forgery under R.C. 2913.31(A)(3) and 13 counts of receiving stolen property under R.C. 2913.51(A). Goss later pled guilty to four counts of receiving stolen property, all felonies of the fifth degree. In exchange for Goss's plea, the State dismissed the remaining counts against him and agreed to not revoke his bond prior to sentencing.

{¶ 4} A disposition hearing was held on November 20, 2023. At the hearing, the trial court sentenced Goss to nine months in prison on each of the four counts, to be served consecutively, for a total of 36 months. In sentencing Goss to consecutive sentences, the trial court explained:

> I find community control is not mandatory because you pled guilty to more than one fifth degree felony, non-violent offense. I find that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant, they are not disproportionate to the seriousness of his conduct, and to the danger he poses to the public, and that these multiple offenses were committed as part of a course of conduct. And the harm caused was so great that no single prison term adequately reflects the

seriousness of your conduct.

{¶ 5} The court filed its judgment entry of conviction on November 21, 2023; the entry explained that the court had considered the presentence investigation report, the record, the oral statements of counsel, Goss's statement, and the principles and purposes of sentencing under R.C. 2929.11, and then balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court found that, under R.C. 2929.13(B)(1)(a), it had the discretion to impose a prison term because it was sentencing Goss on more than one non-violent felony offense of the fifth degree; it also restated its reasoning in sentencing Goss to consecutive sentences. Goss appeals.

## II.     Assignment of Error

{¶ 6} Goss asserts the following assignment of error:

The Trial Court's Sentence Imposing Consecutive Sentences Failed

to Comport with R.C. 2929.14(C).

{¶ 7} Goss contends that the trial court erred in imposing consecutive sentences that failed to comport with R.C. 2929.14(C), specifically asserting that his offenses were not of an unusual nature to warrant the imposition of consecutive sentences. We disagree.

{¶ 8} The trial court has full discretion to levy any sentence within the authorized statutory range, and it is not required to make any findings or articulate its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and

R.C. 2929.12." *Id.* We may not independently weigh the evidence in the record and substitute our judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

**{¶ 9}** In general, R.C. 2929.13(B)(1)(a) requires the imposition of community control in lieu of prison for nonviolent offenders if certain factors are satisfied. *State v. Bentley*, 11th Dist. Ashtabula No. 2017-A-0017, 2017-Ohio-8943, ¶ 11. However, "R.C. 2929.13(B)(1)(a) only applies upon a court's sentencing an offender for a single fourth- or fifth-degree felony, *not multiple ones.*" *Id.* at ¶ 19, citing *State v. Parrado*, 11th Dist. Trumbull No. 2015-T-0069, 2016-Ohio-1313 ¶ 23; *State v. Jones*, 11th Dist. Ashtabula No. 2016-A-0017, 2017-Ohio-251, ¶ 55. In other words, R.C. 2929.13(B)(1)(a) is inapplicable to sentencing an offender, like Goss, for multiple fourth- or fifth-degree felony offenses. *Id.*

**{¶ 10}** R.C. 2929.14(C)(4) permits the trial court to impose multiple prison terms on an offender convicted of multiple offenses and to require the offender to serve the prison terms consecutively under certain conditions. For example,"[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

R.C. 2929.14(C)(4)(b).

{¶ 11} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings' " under R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. "Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Id.* In these instances, the trial court must state the required findings during the sentencing hearing to provide notice to the offender and defense counsel and should also "incorporate its statutory findings into the sentencing entry." *Id.* at ¶ 29. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at ¶ 37.

{¶ 12} In this matter, Goss pleaded guilty to four separate fifth-degree felony offenses of receiving stolen property. Because Goss pleaded guilty to more than one

felony, the trial court was free to apply the sentencing guidelines set forth in R.C. 2929.14(C)(4), which allowed the trial court to impose consecutive prison sentences for multiple offenses so long as the court makes the requisite findings.

{¶ 13} The record reflects that the trial court reviewed the presentence investigation report, the record, counsel's statements, Goss's statement, the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. Additionally, during the sentencing hearing and again in its judgment entry of conviction, the trial court concluded that consecutive sentences were necessary in this case to protect the public from future crime and to punish Goss, that consecutive sentences were not disproportionate to the seriousness of Goss's conduct and to the danger that he posed to the public, and that at least two of Goss's multiple offenses were committed as part of a course of conduct and the harm caused by the offenses committed was so great or unusual that no single prison term adequately reflected the seriousness of his conduct.

{¶ 14} We have reviewed the record, including the trial court's findings underlying the sentence, and we cannot conclude that the record does not support the trial court's sentencing under R.C. 2929.14(C)(4). During Goss's disposition hearing, the trial court specifically stated the requisite findings for the imposition of consecutive terms of imprisonment, which provided notice to Goss and his counsel, and then incorporated those findings into its judgment entry. While Goss argues that his offenses were not of an unusual nature to warrant the imposition of consecutive sentences, the trial court had no obligation to state reasons to support its findings. By making the requisite findings at the

time it imposed Goss's consecutive prison sentences, the trial court sentenced Goss in accordance with the requirements in R.C. 2929.14(C) and, thus, we cannot say that the trial court erred in imposing consecutive sentences. Goss's sole assignment of error is overruled.

### III.  Conclusion

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and TUCKER, J., concur.