**[Cite as *State v. McClelland*, 2023-Ohio-4599.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MICHAEL L. MCCLELLAND,

        Defendant-Appellant.

CASE NO. 2023-P-0034

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 01283

**O P I N I O N**

Decided: December 18, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Michael McClelland ("McClelland"), appeals his conviction from the Portage County Court of Common Pleas of aggravated burglary, a felony of the first degree, having weapons while under disability, a felony of the third degree, menacing by stalking, a felony of the fourth degree, and intimidation of a crime victim, a felony of the third degree. McClelland received an aggregate sentence of 11 to 16 years. For the following reasons, we affirm.

{¶2} McClelland's conviction stems from actions he took in response to the end of his relationship with the victim, T.W. The two had been together, on and off, for

approximately four years. T.W. had a protection order in place when the conduct occurred. Despite the order, McClelland came to T.W.'s house unannounced on several occasions and sent T.W. numerous threatening text messages. Among other threats, McClelland demanded that T.W. have sex with him, and threatened to kill her if she refused. McClelland made multiple threats of violent harm to T.W., sent text messages threatening to sexually assault T.W., dismember and disfigure her, to torture, and then kill her. T.W. filed charges against McClelland, yet he continued to come to her house unannounced and threaten her. McClelland wanted T.W. to tell the court that nothing happened. McClelland threatened that they would both die if T.W. did not obey him.

{¶3} On October 21, 2022, McClelland broke into T.W.'s house while she was sleeping. T.W. awoke to McClelland strangling her. T.W. reached for her gun, but McClelland took it away from her, telling her he wanted her to beg for mercy. T.W. was able to calm McClelland down and secretly text her boss about what was occurring. T.W.'s boss called 911 on her behalf, knowing about the ongoing threats from McClelland. Police were dispatched to T.W.'s house and McClelland was arrested.

{¶4} McClelland was indicted on 11 counts: Count 1, aggravated burglary; Count 2, kidnapping; Count 3, having weapons while under disability; Count 4, menacing by stalking; Count 5, intimidation of a crime victim or witness; Count 6, retaliation; Count 7, breaking and entering; Count 8, telecommunications harassment; Count 9, aggravated menacing; Count 10, criminal damaging; and Count 11, domestic violence.

{¶5} On February 9, 2023, McClelland entered a plea of guilty to Count 1, aggravated burglary; Count 3, having weapons while under disability; Count 4, menacing

2

by stalking; and Count 5, intimidation of a crime victim, and accepted the State's nolle prosequi of the remaining counts of the indictment.

{¶6} A sentencing hearing was held on April 21, 2023. McClelland's attorney explained to the court that drugs and alcohol played a part in McClelland's behavior, and that he has unchecked issues with mental health. At the hearing, McClelland apologized to his family and the victim for his actions. McClelland expressed to the trial court that he never wanted to hurt anyone and that he did not hurt anyone. He explained that he only unloaded T.W.'s gun, but she had it the whole time. He stated, "It wasn't as severe as it's made out to be right now. She wasn't that afraid. She's not afraid of me, you know, she's not."

{¶7} The trial court replied to McClelland's statements, "Well, Mr. McClelland, this is that severe. Honestly, the letter itself and the text and the threats, are horrifying."

{¶8} On April 25, 2023, McClelland was sentenced to an indefinite term of imprisonment of ten years for aggravated burglary, running consecutively to 12 months for menacing by stalking. McClelland was also sentenced to 36 months for having weapons while under disability, and 36 months for intimidation of a crime victim. These sentences were ordered to run concurrently with his other sentences. McClelland's aggregate sentence is for 11 to 16 years.

{¶9} McClelland asserts one assignment of error: "The Trial Court improperly imposed consecutive sentencing upon the Appellant."

{¶10} In his brief, McClelland contends that the trial court "improperly imposed consecutive sentences on the Appellant which contradicted the overriding purposes and principles of sentencing."

3

Case No. 2023-P-0034

{¶11} This Court recently noted in *State v. Lamb*, 11th Dist. Portage No. 2022-P-0084, 2023-Ohio-2834, ¶ 9-10 that:

> R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law.' R.C. 2953.08(G)(2)(b); *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11.
>
> A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *Meeks* at ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11, quoting *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 74; *see also State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18.

{¶12} McClelland, in his brief, recounts the guiding principles laid out in R.C. 2929.11 and 2929.12. To the extent that McClelland is asking this Court to reweigh the evidence, we must decline. The appellate court is precluded from reweighing the evidence in the record and supplanting its judgment for that of the trial court:

> [T]he Ohio Supreme Court recently held that * * * 'R.C. 2953.08(G)(2)(b) * * * "does *not* provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."'

*State v. Stanley,* 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 10, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

{¶13} According to the *Stanley* court:

4

Case No. 2023-P-0034

'[N]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. [citing] *State v. Jones,* Ohio St.3d, 2020-Ohio-6729, ¶ 42.'

{¶14} "[T]he competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals. *Id.* at ¶ 12.

{¶15} McClelland further contends that he deserved only concurrent sentencing, and that the trial court improperly applied consecutive sentences.

{¶16} R.C. 2929.14(C)(4) states in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)    The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)    The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} The trial court clearly articulated the findings that supported McClelland's consecutive sentences:

Case No. 2023-P-0034

I have reviewed the Pre-Sentence Investigation, the victim impact [statement] * * * after reviewing all of the information * * * I'm clearly finding that you are not amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of sentencing. * * * I am specifically finding that a consecutive sentence is necessary to protect the public from future crimes and to punish you, and consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger you pose to the public. I am specifically making that finding because two or more of the offenses were part of a course of conduct and the harm caused was so great or unusual that a single prison term did not adequately reflect the seriousness of that conduct and your criminal history demonstrates that a consecutive sentence is necessary to protect the public from future crimes by you.

{¶18} R.C. 2929.14 requires that the trial court must find that (1) consecutive service is necessary to protect the public from future crime by McClelland, (2) that consecutive sentences are not disproportionate to the seriousness of McClelland's conduct and to the danger McClelland poses to the public, and (3) that one of the requirements of 2929.14(C)(4) are fulfilled.

{¶19} McClelland committed multiple offenses, and the trial court found that consecutive sentences were necessary to protect the public from future crimes by McClelland, to punish McClelland, and that consecutive sentences are not disproportionate to the seriousness of McClelland's conduct. The trial court articulated that McClelland committed two or more of the offenses as a course of conduct, and that the harm caused was so great that a single prison term did not adequately reflect the seriousness of the conduct.

{¶20} McClelland violated a protection order. He made multiple threats to brutally harm and kill T.W. He broke into T.W.'s home and she awoke to him strangling her. He took her gun and told her he wanted her to beg for mercy. The trial court explained that it

6

Case No. 2023-P-0034

considered McClelland's history, the severity of his offenses, and the danger he poses to the public. The consecutive sentences that the trial court imposed fell well within the statutory framework and nothing indicates McClelland's sentence is contrary to law. Therefore, McClelland's assignment of error is without merit, and we must affirm.

{¶21} For the foregoing reasons, we affirm the decision of the Portage County Court of Common Pleas.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2023-P-0034