[Cite as *State v. Vickers*, 2024-Ohio-1115.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0073 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| LAWRENCE VICKERS, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00817 |

**O P I N I O N**

Decided: March 25, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Lawrence Vickers, appeals from his sentences for Unlawful Sexual Conduct with a Minor, Illegal Use of a Minor in Nudity Oriented Material, and Disseminating Matter Harmful to Juveniles in the Trumbull County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On November 1, 2022, Vickers was indicted by the Trumbull County Grand Jury for seven counts of Unlawful Sexual Conduct with a Minor (Counts One through Seven), felonies of the third degree, in violation of R.C. 2907.04(A); Illegal Use of a Minor

in Nudity Oriented Material or Performance (Count Eight), a felony of the fifth degree, in violation of R.C. 2907.323(A)(3); and Disseminating Matter Harmful to Juveniles (Count Nine), a felony of the fifth degree, in violation of R.C. 2907.31(A)(1).

{¶3} On August 2, 2023, a plea hearing was held and a written plea agreement was filed. Vickers pled guilty to the charges as contained in the indictment. The State indicated it would have proven that Vickers engaged in sexual conduct with a 13-year-old female who was the daughter of his girlfriend, sent her a nude photograph, and was found to be in possession of a nude photograph of another minor.

{¶4} A sentencing hearing was held on September 6, 2023. Vickers submitted a sentencing memorandum which argued that he was remorseful and took responsibility for his actions; had no prior felony record; and struggled with drug and alcohol abuse, although he has been sober for over 14 months. He indicated that he is employed and attends AA meetings and counseling. At the hearing, Vickers reiterated that he has been an alcoholic his whole life and indicated that he had matured in the past year. A statement from the victim's aunt was presented in which she indicated that the victim (in Counts One through Seven and Count Nine) had also been raped by her mother's previous boyfriend. She indicated that the victim "has a long road of therapy and bad days, triggers to learn to control" and has become "depressed and disconnected."

{¶5} The court stated that it had considered the record, oral statements, the PSI report, the victim impact statement, the principles and purposes of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, the fact that the defendant knew the victim had been previously abused, and the defendant's position of power over the victim. The court ordered Vickers to serve concurrent terms of three years

2

on each count of Unlawful Sexual Conduct and consecutive terms of 11 months for the remaining two offenses, for a total prison term of 58 months. It found that consecutive sentences were necessary to protect the public from future crime and punish the defendant and were not disproportionate to the seriousness of his conduct and the danger he poses to the public. It found that "two of the multiple offenses were committed as part of the same course in conduct and the harm caused" by these offenses "was so great that no single prison term adequately reflects the seriousness of the defendant's record."

{¶6} Vickers timely appeals and raises the following assignment of error:

{¶7} "The trial court improperly imposed consecutive sentencing upon the Appellant."

{¶8} Vickers argues that the court "improperly imposed consecutive sentences * * * which contradicted the overriding purposes and principles of sentencing." In support of his argument, he takes issue with the trial court's lack of findings under R.C. 2929.12.

{¶9} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14" or "the sentence is otherwise contrary to law." *Id.*; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶10} A court may order consecutive prison terms if it finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive

3

sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. The pertinent (C)(4)(a)-(c) factor here is (b): "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused * * * was so great or unusual that no single prison term for any of the offenses committed * * * adequately reflects the seriousness of the offender's conduct." "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.'" *State v. Elliott*, 11th Dist. Trumbull No. 2021-T-0045, 2023-Ohio-412, ¶ 9, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶11} Although Vickers argues that the court erred in ordering consecutive sentences, he does not dispute that it made the required statutory findings cited above both at the sentencing hearing and in the sentencing entry. We find no error in the court's compliance with R.C. 2929.14(C)(4). Vickers committed offenses in this matter occurring on multiple occasions and involving multiple juvenile victims. The offenses against his girlfriend's daughter were part of a course of conduct. He had several prior convictions for misdemeanor offenses. Further, there was testimony regarding harm to the victim of the Unlawful Sexual Conduct with a Minor offenses, including causing her to suffer depression. Vickers points to nothing demonstrating that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

{¶12} Rather than raise specific challenges to the R.C. 2929.14(C)(4) findings relating to the consecutive sentences, Vickers argues that the trial court "did not specifically state whether the Appellant's conduct was more or less serious under [R.C.]

4

2929.12(B) and (C), nor did the Trial Court specifically comment on the likelihood of recidivism. * * * Instead, the Trial Court merely referenced the sentencing factors in passing and did not specify the Appellant's conduct."

{¶13} "[A] sentence is contrary to law * * * if the trial court fails to consider * * * the sentencing factors set forth in R.C. 2929.12." (Citations omitted.) *State v. McClelland*, 11th Dist. Portage No. 2023-P-0034, 2023-Ohio-4599, ¶ 11. The sentencing factors set forth in R.C. 2929.12 relate to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. "When sentencing, a 'trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion.'" *State v. McElroy*, 11th Dist. Lake No. 2023-L-042, 2023-Ohio-3756, ¶ 9, citing *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶ 23. "A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 when it states that it considered them." *Id.*

{¶14} The trial court stated, at the sentencing hearing, that it considered "the seriousness and recidivism factors under R.C. 2929.12" and reiterated this in its sentencing entry. These statements alone are sufficient to satisfy the requirement that it considered these factors. It was not required to discuss the individual factors or the weight given to them, although we observe that it made statements regarding the impact on the victim and how the relationship with the child's mother facilitated some of the offenses, factors relevant to the seriousness of the crimes. There is nothing in the record indicating that the court failed to consider the required factors.

{¶15} Further, to the extent that Vickers may take issue with the weight the court gave the individual seriousness and recidivism factors, this court cannot second-guess or

5

weigh the evidence supporting the trial court's determination that its sentences are in compliance with R.C. 2929.12. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42; *State v. White*, 11th Dist. Ashtabula No. 2022-A-0089, 2023-Ohio-4092, ¶ 84-85 ("[u]nder *Jones*, an appellate court reviewing alleged error under R.C. 2929.11 and R.C. 2929.12 no longer evaluates" whether the sentences "are unsupported by the record").

**{¶16}** The sole assignment of error is without merit.

**{¶17}** For the foregoing reasons, Vickers' sentences for Unlawful Sexual Conduct with a Minor, Illegal Use of a Minor in Nudity Oriented Material or Performance, and Disseminating Matter Harmful to Juveniles in the Trumbull County Court of Common Pleas are affirmed. Costs to be taxed against appellant.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2023-T-0073