[Cite as *State v. Bailey*, 2016-Ohio-2957.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-569 |
| | : | |
| KEVIN L. BAILEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 13th day of May, 2016.

. . . . . . . . . .

ANU SHARMA, Atty. Reg. No. 0081773, Assistant Prosecuting Attorney, Greene County, 55 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kevin L. Bailey, appeals from the sentence he received in the Greene County Court of Common Pleas following his guilty plea to four counts of trafficking heroin. Specifically, Bailey contends the trial court erred in disapproving his placement into an intensive program prison ("IPP") without making a finding that gives its reasons for the disapproval, and in prematurely disapproving his transfer to transitional control. For the reasons outlined below, we agree that the trial court erred in that regard; therefore, the judgment of the trial court will be reversed and remanded for proceedings consistent with this opinion.

**Facts and Course of Proceedings**

{¶ 2} On October 13, 2014, the Greene County Grand Jury returned a ten-count indictment charging Bailey with four counts of trafficking heroin, three counts of possessing heroin, one count of trafficking cocaine, one count of possessing cocaine, one count of possessing criminal tools, and two forfeiture specifications. Bailey initially pled not guilty to the charges, but later entered into a plea agreement with the State, wherein he agreed to plead guilty to three fourth-degree-felony counts of trafficking heroin and one third-degree-felony count of trafficking heroin, all in violation of R.C. 2925.03(A)(1). Bailey also agreed to admit to the two forfeiture specifications. In exchange for Bailey's guilty plea, the State agreed to dismiss the remaining charges against him and stipulated to an aggregate prison sentence of four years and six months to be served concurrently with a prison sentence Bailey was serving for a separate, unrelated Greene County case. As part of the plea agreement, Bailey further agreed to

pay $800 to the A.C.E. Task Force.

{¶ 3} The trial court accepted Bailey's plea as outlined in the plea agreement and immediately sentenced him to an aggregate, non-mandatory prison term of four years and six months and ordered him to pay $800 in restitution to the A.C.E. Task Force. On the same day, the trial court filed a sentencing entry reflecting the sentence imposed. The sentencing entry contains alternative language that could be stricken by the trial court. After the trial court struck certain alternative language, the sentencing entry read: "IPP ~~is approved~~/not approved, sentence given is appropriate." The entry also provided that "Transfer to Transitional control is ~~approved~~/not approved." Judgment Entry (Jan. 26, 2015), Greene County Court of Common Pleas Case No. 2014 CR 0569, Docket No. 28, p. 5. The trial court provided no further information regarding IPP or transitional control in its sentencing entry or at the sentencing hearing.

{¶ 4} Bailey now appeals from his sentence, raising two assignments of error for review.

**First Assignment of Error**

{¶ 5} Under his First Assignment of Error, Bailey contends the trial court erred in disapproving IPP without giving its reasons for the disapproval as required by R.C. 2929.19(D). We note that Bailey's eligibility for IPP is not in dispute.

{¶ 6} "At the time of sentencing, the court may recommend the offender for placement in * * * an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in * * * an intensive program prison of that nature, or make no recommendation on placement of the offender." R.C. 2929.14(I).

However, "[i]f the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval." R.C. 2929.19(D).

{¶ 7} In *State v. Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132, this court reviewed a scenario almost identical to the present case. In *Berry*, we reversed a judgment disapproving IPP when the trial court did not discuss IPP at the sentencing hearing and the sentencing entry simply stated, "IPP is approved/not approved, sentence given is appropriate." *Id.* at ¶ 42 and ¶ 49. The phrase "is approved" was crossed out on the entry and the phrase "not approved" was circled. *Id.* at ¶ 42. We concluded that this statement was not a factual finding and commented:

> There may be facts in the record justifying disapproval of IPP, but the trial court did not refer to them when deciding to disapprove Berry for placement in IPP. Accordingly, the judgment of the trial court will be reversed, insofar as the designation of IPP status is concerned, and will be remanded to the trial court for further proceedings on this issue.

*Id.* at ¶ 49.

{¶ 8} Because this court has consistently required the trial court to make a finding that gives its reasons for disapproving IPP, s*ee, e.g., State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, 944 N.E.2d 258, ¶ 39 (2d Dist.); *Berry* at ¶ 49; *State v. Matthews*, 2d Dist. Montgomery No. 26405, 2015-Ohio-3388, ¶ 14, we find that the trial court erred in failing to do so here.

{¶ 9} Bailey's First Assignment of Error is sustained.

**Second Assignment of Error**

{¶ 10} Under his Second Assignment of Error, Bailey contends the trial court erred in prematurely disapproving his transfer to transitional control in the sentencing entry.

{¶ 11} "R.C. 2967.26 allows for transfer of prisoners to transitional control during the final one-hundred eighty days of their confinement." *Berry,* 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132 at ¶ 53. "We have routinely held that a trial court errs when it prematurely disapproves of transitional control in its judgment entry." *Id.* at ¶ 54, citing *State v. Bates,* 2d Dist. Montgomery No. 23707, 2012-Ohio-6039, ¶ 47 and *Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, 944 N.E.2d 258 at ¶ 40-44. "We have also concluded that this error 'can be cured by remanding this cause to the trial court for the limited purpose of amending the judgment entry to delete the disapproval of [the defendant] for transitional control.' " *Id.*, quoting *Bates* at ¶ 47. Therefore, we find that the trial court erred in prematurely disapproving Bailey's transfer to transitional control at sentencing.

{¶ 12} Bailey's Second Assignment of Error is sustained.


## Conclusion

{¶ 13} Having sustained both assignments of error raised by Bailey, the judgment of the trial court is reversed and remanded for resentencing on the IPP issue and for amending the judgment entry to delete the disapproval of transitional control.

. . . . . . . . . . . . .


FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Anu Sharma
J. David Turner
Hon. Stephen Wolaver