[Cite as *State v. Jackson*, 2022-Ohio-807.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110005 |
| v. | : | |
| STEFHAN JACKSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-639118-A, CR-19-643684-A, CR-20-648275-A,
CR-20-648276-A, CR-20-648277-A, and CR-20-650761-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Karen Greene, Assistant Prosecuting
Attorney, *for appellee.*

Brian R. McGraw, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Stefhan Jackson appeals the indefinite sentence of 20 to 23 years imprisonment and the amount of restitution ordered for his convictions in six felony cases. Because this court overruled the arguments Jackson raises in

challenging his sentence in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (en banc), and because we do not find plain error in the restitution ordered by the trial court, we affirm Jackson's convictions.

## I. Procedural History and Facts

{¶ 2} On August 19, 2020, Jackson entered into a plea bargain with the state in six cases. In total, Jackson pleaded guilty to four counts of aggravated robbery, two counts of felonious assault, one count of aggravated burglary, and one count of burglary as well as multiple one- and three-year firearm specifications. On September 21, 2002, the trial court ordered Jackson to serve an aggregate prison sentence of 20 to 23 years.

{¶ 3} Only one of Jackson's cases was subject to the indefinite sentencing provisions enacted in the Reagan Tokes Law as defined under R.C. 2901.011. In Cuyahoga C.P. No. CR-20-650761, Jackson entered pleas of guilty to burglary in violation of R.C. 2911.12(A)(1) with a three-year firearm specification and to felonious assault in violation of R.C. 2903.11(A)(2). The trial court sentenced him to serve the three-year firearm specification prior to a sentence of six-to-nine years' imprisonment on the count of burglary. This sentence was ordered to be served consecutively to all other sentences imposed.

{¶ 4} In addition to imposing prison sentences in Jackson's cases, the trial court ordered him to pay following amounts of restitution to his victims:

Cuyahoga C.P. No. CR-19-639118 $ 167.00
Cuyahoga C.P. No. CR-19-643684 $ 500.00
Cuyahoga C.P. No. CR-20-648275 $ 270.00

Cuyahoga C.P. No. CR-20-648277 $ 300.00
Cuyahoga C.P. No. CR-20-650761 $ 2,000.00

## II. LAW AND ARGUMENT

{¶ 5} Jackson raises two assignments of error in this appeal. The first challenges the constitutionality of the Reagan Tokes Law. The second alleges that the state's offer of proof as to the amount of restitution ordered was insufficient. The first assignment of error reads:

> The indefinite sentencing scheme set forth in the Reagan Tokes Law and imposed by the trial court in this case violates the federal and state constitutions.

{¶ 6} Jackson makes no specific argument about the prison sentences imposed other than raising the constitutionality of the Reagan Tokes Law as imposed in Cuyahoga C.P. No. CR-20-650761. He does argue that the Reagan Tokes Law is unconstitutional because it violates the doctrine of separation of powers and his right to due process. In *Delvallie*, *supra*, this court examined Jackson's arguments and overruled these arguments en banc. *Delvallie*, 2022-Ohio-470, at ¶ 17. As the trial court imposed a sentence under the Reagan Tokes Law in Cuyahoga C.P. No. CR-20-650761, we affirm the sentence imposed by the trial court and overrule Jackson's first assignment of error.

{¶ 7} The second assignment of error reads:

> The state did not provide sufficient proof for the court to order restitution.

{¶ 8} Jackson argues that the amount of restitution ordered in his several cases amounted to estimates and because he did not agree to the amounts, the

restitution orders should be vacated. The state argues that the court properly ordered restitution in accord with R.C. 2929.28 where the amount of restitution in each case was based on the request of the victim through the prosecutor and where Jackson did not object to the restitution ordered.

{¶ 9} At sentencing in each of the cases, the state requested an amount of restitution for the several victims. As to each request for restitution, the trial court inquired of Jackson's counsel whether he had information as to the amount of restitution. Counsel replied in each of the five cases that he had information as to the amount requested and had "no information to the contrary." Because counsel did not object to the amount of restitution requested, Jackson has waived all but plain error review. *State v. Canales*, 8th Dist. Cuyahoga No. 105514, 2017-Ohio-8735, ¶ 21. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Plain error will only be noticed in exceptional circumstances to prevent a manifest miscarriage of justice. *Canales* at ¶ 23. "Where a defendant does not argue plain error on appeal, the appellate court need not consider the issue." *State v. Speights*, 8th Dist. Cuyahoga No. 109733, 2021-Ohio-1194, ¶ 14.

{¶ 10} Although Jackson has not alleged plain error, we elect to address his arguments. "[W]e review a lower court's order of restitution for an abuse of discretion." *State v. Lalain*, 8th Dist. Cuyahoga No. 95857, 2011-Ohio-4813, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995). "[T]he term 'abuse of discretion' implies that the court's attitude was unreasonable, arbitrary or

unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). To determine the amount of restitution in a felony case, R.C. 2929.18(A)(1) provides in relevant part the process for the court as follows:

> If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, *the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information*, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * * If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

(Emphasis added.)

{¶ 11} A victim's testimony has been found to be competent, credible evidence sufficient to support an order of restitution without any other evidence. *State v. Jones*, 10th Dist. Franklin No. 15AP-45, 2015-Ohio-3983, ¶ 16. In addition, the state filed a sentencing memorandum addressing the restitution in each case. There was a presentence-investigation report prepared and reviewed by the trial court and Jackson's counsel. Counsel did not question or challenge the amounts of restitution. Finally, the amounts of restitution ordered in these crimes is not extraordinary. Accordingly, we find no plain error in the trial court's determination of the amount restitution ordered. Jackson's second assignment of error is overruled.

## III. CONCLUSION

{¶ 12} Because this court has en banc overruled the arguments Jackson raises in this appeal, we affirm the prison sentences imposed in Cuyahoga C.P. No. CR-20-650761. Because we do not find plain error in the trial court's imposition of restitution, we also affirm the convictions in Cuyahoga C.P. Nos. CR-19-639118, CR-19-643684, CR-20-648275, CR-20-648276, and CR-20-648277.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR