[Cite as *State v. McCoy*, 2023-Ohio-1539.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

TAIJH R. MCCOY,

        Defendant-Appellant.

**CASE NO. 2022-P-0059**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00632

---

**O P I N I O N**

Decided: May 8, 2023
Judgment: Affirmed

---

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308; and *Anna K. Ley*, 803 East Washington Street, Suite 110, Medina, OH 44256 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Taijh R. McCoy, appeals the judgment of the Portage County Court of Common Pleas convicting him on one count of cruelty to a companion animal, in violation of R.C. 959.131(C), a felony of the fifth degree. We affirm.

{¶2} In April 2022, appellant was at home with Jewel McFarland. Ms. McFarland had a dog, Ginger, a two-year-old Yorkie. At some point, a glass of juice was spilled on the dog. Appellant took the dog into the bathroom to wash the animal. In the course of

"bathing" the animal, appellant subjected the dog to significant second and third degree burns from scalding water. The animal had to be euthanized.

{¶3} Appellant was indicted by the Portage County Grand Jury on one count of knowingly causing serious physical harm to a companion animal, in violation of R.C. 959.131(C), a felony of the fifth degree. Appellant ultimately entered into a plea of guilty to the charge. After conducting a thorough Crim.R. 11 colloquy, the court found appellant guilty. Appellant was sentenced to an 11-month term of imprisonment. This appeal follows.

{¶4} After reviewing the record, counsel filed a merit brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting four potential errors for this court's consideration.

{¶5} In *Anders,* the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional items. *Id.* Once these requirements have been met, the appellate court shall review the entire record and determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal is wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.; see also Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

2

{¶6} Pursuant to *Anders,* counsel's brief was properly served on appellant. Appellant, however, did not file a supplemental brief.

{¶7} Counsel's first and second proposed assignments of error are related. They provide, respectively:

{¶8} "[1.] The trial court failed to conform to the Crim.R. 11 requirements.

{¶9} "[2.] Taijh's plea was not knowingly, intelligently, or voluntarily entered into."

{¶10} In a felony case, "the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally" and complying with the requirements of Crim.R. 11 to determine the voluntary nature of the plea. Crim.R. 11(C)(2). To this end, the trial court must ensure the defendant understands the charges and maximum penalty; the court must also inform the defendant of the effect of his plea and that the court may proceed to judgment and sentencing; and the court must advise the defendant of rights waived by entering the plea. Crim.R. 11(C)(2)(a)-(c). These constitutional rights include "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶11} A trial court must "strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant" of the constitutional rights contained therein or his plea is rendered invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31. For the nonconstitutional portions of Rule 11, the applicable standard is "substantial compliance" which means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."

3

(Citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." (Citations omitted.) *Id.* The test for prejudice is "whether the plea would have otherwise been made." (Citation omitted.) *Id.*

{¶12} At the plea hearing, the trial court advised appellant of the maximum penalty he was facing by pleading guilty. The trial court also advised appellant that, upon accepting the plea, it could proceed to sentencing. Regarding the waiver of appellant's constitutional rights, the court specifically stated, by entering his plea, appellant was:

> giving up your right to a trial by jury. At that trial, the prosecutor would have to prove, beyond a reasonable doubt, each and every element of the charges against you. Your attorney could cross-examine and confront the witnesses who come in and testify for the State of Ohio. You could subpoena or compel witnesses, have them come in and testify for you, and you can take the stand at your trial, if you chose to do so. You have a constitutional right not to testify, but if you wanted to, you could.

{¶13} The trial court then confirmed that appellant understood he was giving up the various constitutional rights. And, finally, the trial court asked appellant if he understood that his plea of guilty was an admission of each and every element of the charges. Appellant stated he understood.

{¶14} In light of the foregoing, we conclude the trial court fully conformed to the requirements of Crim.R. 11. We further hold the record supports the conclusion that appellant's plea was knowingly, intelligently, and voluntarily entered. Appellant did not express any misgivings or concerns about entering the plea and he expressly stated he

4

understood the ramifications of doing so and was entering the same of his own free will. Counsel's first two potential assignments of error lack merit.

{¶15} The next potential assigned error provides:

{¶16} "Taijh received ineffective assistance of counsel when entering his plea."

{¶17} To establish his claim that his counsel provided ineffective assistance, an appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶18} One of the inquiries in a claim of ineffective assistance of counsel is whether there was actual error on the part of appellant's trial counsel. *State v. McCaleb,* 11th Dist. Lake No. 2002-L-157, 2004-Ohio-5940, ¶ 92. In Ohio, every properly licensed attorney is presumed to be competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Counsel's performance will not be deemed ineffective unless and until the performance falls below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *See generally Strickland*.

{¶19} Here, there is nothing to indicate appellant could satisfy the first prong of deficient performance. During the plea hearing the trial court asked appellant if his attorney reviewed the written plea of guilty with him. Appellant stated counsel did so. And the trial court asked appellant if he was satisfied with counsel's performance. He again responded he was satisfied. Appellant did not hesitate or dither when the court asked about his attorney's performance. And, at no point, did appellant take issue with

5

any aspect of the plea negotiations or the manner in which counsel managed his interests during the negotiations. We therefore conclude that, because appellant's plea was entered knowingly, intelligently, and voluntarily, and there is no evidence of deficient performance on counsel's behalf, appellant cannot establish ineffective assistance. Counsel's third proposed assignment of error lacks merit.

{¶20} Counsel's final proposed assignment of error provides:

{¶21} "Taijh was sentenced contrary to law."

{¶22} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing," and it "shall consider the factors * * * relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism." R.C. 2929.12(A).

{¶23} R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, and it "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b); *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11.

{¶24} "A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *Meeks* at ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-

6

Ohio-789, ¶ 11, quoting *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 74; *see also State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18. The Supreme Court has further held that a sentence is contrary to law if "it is imposed 'based on factors or considerations that are extraneous to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12.'" *Meeks* at ¶ 11, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. "But an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32.

{¶25} Further, this court has frequently noted that "even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations." *Shannon* at ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24; *State v. Blake*, 11th Dist. Lake No. 2003-L-196, 2005-Ohio-686, ¶ 16.

{¶26} Here, appellant was found guilty of a fifth-degree felony, punishable by up to 12 months in prison. R.C. 2929.14(A)(5). After considering the relevant statutory factors and making various findings on record, the trial court sentenced appellant to a term of 11-months imprisonment, a term within the statutory range. Further, the trial court pointed out that R.C. 2929.13(B)(1) creates a presumption for community control; the court observed, however, that the presumption was overcome because appellant had been previously sent to prison. *See* R.C. 2929.13(B)(1)(b)(ix). We discern no error or irregularity in the trial court's imposition of sentence. Therefore, counsel's final proposed assigned error lacks merit.

7

{¶27} After a thorough and independent review of the record, we hold the trial court did not err in accepting appellant's plea of guilty nor did it err in imposing sentence. Further, there is no indication that counsel was ineffective such that appellant's plea would be rendered invalid. Finally, we discern no colorable issue(s) on the current record that would merit the appointment of new counsel. Thus, there are no arguable legal points on the merits of this matter. Appellant's appeal is without merit and is wholly frivolous.

{¶28} Because there are no arguable issues in this appeal, the request to withdraw filed by appellate counsel is well-taken and is hereby granted. The judgment of the Portage County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.