[Cite as *State v. Siler*, 2024-Ohio-1211.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

LAMAR SILER,

      Defendant-Appellant.

**CASE NOS. 2023-A-0060**
          **2023-A-0061**
          **2023-A-0062**
          **2023-A-0063**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2022 CR 00423
                2022 CR 00424
                2022 CR 00519
                2023 CR 00477

## O P I N I O N

Decided: March 29, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Lamar Siler, appellant in these consolidated appeals, appeals the judgments of the Ashtabula County Court of Common Pleas, sentencing him, after he entered a plea of guilty in four separate cases, to a total term of 16-months' imprisonment. We affirm.

{¶2} In trial court Case No. 423, appellant was indicted on one count of Aggravated Burglary, in violation of R.C. 2911.11(A) and (B), a first-degree felony, and one count of Assault, in violation of R.C. 2903.13(A) and (C), a misdemeanor of the first degree.

{¶3} In trial court Case No. 424, appellant was indicted on one count of Trespass in a Habitation when a Person is Present or Likely to be Present, in violation of R.C. 2911.12(B) and (E), a felony of the fourth degree, and one count of Assault, in violation of R.C. 2903.13(B) and (C), a misdemeanor of the first degree.

{¶4} In trial court Case No. 519, appellant was indicted on one count of Trafficking in Cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A)(1) and (C)(4)(a), with a forfeiture specification for Money in a Drug Case pursuant to R.C. 2941.1417(A).

{¶5} Finally, in trial court Case No. 477, appellant was indicted on one count of Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree, and one count of Possession of a Fentanyl-Related Compound, in violation of R.C. 2925.11(A) and (C)(11)(a), a felony of the fifth degree.

{¶6} Appellant ultimately entered a plea of guilty to the following: In trial court Case No. 423, appellant pleaded guilty to one count of Breaking and Entering, in violation of R.C. 2911.13(A) and (C), a felony of the fifth degree, and Assault, in violation of R.C. 2903.13(A) and (C), a misdemeanor of the first degree.

{¶7} In trial court Case No. 424, appellant pleaded guilty to Trespass in a Habitation, in violation of R.C. 2911.12(B) and (E), a felony of the fourth degree, and one

2

count of Assault, in violation of R.C. 2903.13(B) and (C), a misdemeanor of the first degree.

{¶8} In trial court Case No. 519, appellant pleaded guilty to Trafficking in Cocaine, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1) and (C)(4)(a). And, in trial court Case No. 477, appellant pleaded guilty to one count of Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree.

{¶9} At the change of plea hearing, the state submitted it would not oppose community control. The state also recommended Northeast Ohio Community Alternative Program ("NEOCAP") as an alternative to incarceration. Although the parties agreed to jointly recommend a sentence of community control, appellant stated he understood that the trial court was not bound by the sentencing recommendations set forth in the plea agreement.

{¶10} The matters were consolidated for sentencing. During the hearing, appellant, via counsel, took issue with a negative assessment of NEOCAP, which rejected his request to attend the program, claiming appellant was not amenable. In support of community control, however, appellant asserted he was not on probation at the time of his plea; appellant noted he had not been in legal trouble since he had been released from prison in 2016. Further, appellant emphasized he had substance abuse problems which led to the underlying charges and exhorted the court, notwithstanding NEOCAP's assessment, to place him in a facility to address these problems.

{¶11} The state did not oppose community control sanctions and also indicated that the court order appellant to enter into NEOCAP for treatment. The prosecutor

3

observed that "[e]ven though NEOCAP for some reason said that they didn't think he was a candidate for NEOCAP, let's hope that he is or that the Defendant demonstrates to the staff there that he will be a good candidate."

{¶12} One of the victims of appellant's crimes, Harold Barnard, provided a victim impact statement to the court. Mr. Barnard stated he is the owner of the house into which appellant broke and entered. He asserted he and another victim, a female staying in the residence, were traumatized by appellant's acts. Mr. Barnard stated appellant kicked in his door, which cost $200 to repair, and Mr. Barnard paid "hundreds of dollars" installing a surveillance system around the home. According to Mr. Barnard, appellant stalked the female victim and caused her to be evicted from previous homes before she moved in with him. Although the female victim did not attend the sentencing hearing, and defense counsel objected to Mr. Barnard's characterization of the female's experiences, the trial court allowed Mr. Barnard's statement.

{¶13} After considering the record, the statements of the state and defense counsel, the victim impact statement, and the pre-sentence investigation report, the trial court rendered the following sentences: In trial court Case No. 423, nine months in prison; in trial court Case No. 424, 16 months in prison; in trial court Case No. 519, nine months in prison; and in trial court Case No. 477, nine months in prison. The trial court ordered all sentences to be served concurrently for a total term of 16 months' imprisonment.

{¶14} Appellant now appeals and assigns the following as error:

{¶15} "The trial court erred by sentencing Mr. Lamar Siler to a term of incarceration for offenses that carry a statutory presumption to impose community control sanctions."

{¶16} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing." Further, the sentencing court "shall consider the factors * * * relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism." R.C. 2929.12(A).

{¶17} R.C. 2953.08(G) governs our review of felony sentences, and provides, in pertinent part, that after an appellate court's review of the record, it "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b); *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11.

{¶18} "A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *Meeks* at ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶19} Appellant contends the trial court erred by sentencing him to a term of imprisonment for offenses that carry a statutory presumption to impose community control sanctions. Appellant appears to argue that, considering the statutory presumption in favor of community control, his 16-month prison sentence is contrary to law. We do not agree.

{¶20} R.C. 2929.13(B)(1)(a) creates a presumption in favor of community-control sanctions for nonviolent fourth- and fifth-degree felonies meeting certain criteria. It states:

5

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty *to a felony of the fourth or fifth degree* that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i)      The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii)      The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii)      The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(Emphasis added.)

{¶21} Regarding the felonies to which appellant pleaded, appellant pleaded guilty to felony-four Trespass in a Habitation and was sentenced to 16-months in prison. *See* trial court Case No. 424. He also, however, pleaded guilty to felony-five Breaking and Entering and sentenced to nine months in prison. *See* trial court Case No. 423. Furthermore, appellant pleaded guilty to Trafficking in Cocaine and Aggravated Possession of Drugs, felonies of the fifth degree, and was sentenced to nine-months in prison on each. *See* trial court Case Nos. 519 and 477, respectively.

{¶22} Appellant claims that the criteria in R.C. 2929.13(B)(1)(a) were met. We disagree for multiple reasons. This court has held that, applying the plain language of the statute, R.C. 2929.13(B)(1)(a) only applies upon a court's sentencing an offender (after conviction or guilty plea) for a single fourth- or fifth-degree felony, not multiple such crimes. *State v. Bentley*, 11th Dist. Ashtabula No. 2017-A-0017, 2017-Ohio-8943, ¶ 19, citing *State v. Parrado*, 11th Dist. Trumbull No. 2015-T-0069, 2016-Ohio-1313, ¶ 23.

6

Even though his prison terms were ordered to be served concurrently, appellant still pleaded guilty to and was convicted for each of the crimes at issue. In this regard, the presumption of R.C. 2929.13(B)(1)(a) does not apply because he pleaded guilty to and was convicted of multiple fourth- or fifth-degree felonies. *Bentley* at ¶19; *Parrado* at ¶ 23; *see also State v. Jones*, 11th Dist. Ashtabula No. 2016-A-0017, 2017-Ohio-251, ¶ 5. In this respect, appellant's argument lacks merit.

{¶23} Even if appellant could overcome this legal snarl, the court pointed out during the sentencing hearing that appellant's criminal record includes a prior felony conviction in which he was sentenced to prison. Appellant's counsel also conceded this fact. With this in mind, appellant's record would render him ineligible for the presumption under R.C. 2929.13(B)(1)(a)(i) (which requires a person convicted of or who pleads guilty to a felony-four or -five to not have a prior conviction to a felony offense). As such, even had appellant been convicted of or pleaded guilty to one fourth- or fifth-degree felony, he was not eligible for the presumption in favor of community control as set forth under R.C. 2929.13(B)(1)(a).

{¶24} Assuming, however, appellant was eligible for the presumption of a community-control sanction, R.C. 2929.13(B)(1)(b) contemplates exceptions to the presumption which would negate appellant's eligibility. That section provides, in relevant part:

> (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>
> * * *

7

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

\* \* \*

(ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

{¶25} The record demonstrated that appellant caused physical harm to the victims during the assaults to which he pleaded guilty. Appellant violated his bond by not appearing for scheduled pretrials. And, appellant had previously served a prison term. Given these points, the trial court had the discretion to impose prison because three of the R.C. 2929.13(B)(1)(b) exceptions applied. *See State v. Paxon*, 11th Dist. Trumbull No. 2019-T-0011, 2019-Ohio-3551, ¶ 20.

{¶26} With these points in mind, the trial court, in imposing sentence made the following statements at the hearing:

> The court's reviewed the presentence investigation reports. They're extensive documents and they provide the court with much information about you, Mr. Siler. There's four cases here. The court is familiar with the offenses in these cases that you pled to. The court further reviewed your past criminal record, and there's a juvenile record listed. It does include a couple of assaults and a couple of other adjudications.
>
> At the adult level, there's a disorderly conduct, it looks like a misdemeanor, in 2008; then an OVI. In 2009, there was a felony conviction on a 2008 CR 501 from the Ashtabula County Court of Common Pleas. In that case, you were sentenced to prison for eight years.
>
> And then there's a period of time where there was no criminal activity listed here after you were released from prison and

8

prior to you getting these four cases here before the court, and the court reviewed the rest of the information here in the presentence investigation report.

Now, the court's considered the purposes and principles of the sentencing statutes, as the over-riding purposes are to punish the offenders and to protect the public from future crime. The court's considered both recidivism and seriousness factors. The court notes that Mr. Siler does have a prior criminal record, as reviewed by the court, including the past felony conviction for which he was sentenced to prison. There's a juvenile record the court reviewed as well. There was a span of time without criminal activity, and Mr. Siler led a law-abiding life during those years.

Mr. Siler, you didn't appear for all of your hearings before the court: 423, 424, and 519; and then you failed to show up for pre-trials on the 423 case - - or you failed to show up for pre-trials on those, and then also on the 423 case you failed to comply with pretrial supervision. That's per the record and the docket. But in those three cases, you didn't show for those pre-trials.

Now, the court is concerned here. You do have a record. You were previously sent to prison, and then you continued here to commit some additional crime, these four cases for which you're being sentenced. Victims were involved in a couple of these cases. The court does note these are lower-level felonies.

There's a joint recommendation between the state and the defense for you to be sentenced to community control and probation in these matters, and your attorneys have done a very nice job for you in these matters. However, for the reasons that the court placed on the record here as it related to factors, the court is not going to follow that joint recommendation and is going to sentence you to prison.

The court finds that community control would demean the seriousness of the conduct in these cases and its impact upon the victim, and it would not adequately protect the public. Therefore, a sentence of imprisonment is commensurate with the seriousness of the defendant's conduct, and a prison sentence does not place an unnecessary burden on the state.

9

{¶27} The court proceeded to enter sentence as described above. Appellant's 16-month prison sentence for the felony-four Trespass in a Habitation is within the statutory range. *See* R.C. 2929.14(A)(4) (felony four punishable between six and 18 months in prison). And the court considered all requisite statutory factors. We accordingly hold appellant's sentence is not contrary to law.

{¶28} Appellant's sole assigned error lacks merit.

{¶29} The judgments of the Ashtabula County Court of Common Pleas are affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2023-A-0060, 2023-A-0061, 2023-A-0062, 2023-A-0063