[Cite as *State v. Thomas*, 2025-Ohio-4534.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0006 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ALLEN A. THOMAS, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00134 |

## OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Affirmed in part, reversed in part, and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Allen A. Thomas, appeals from his sentence for Theft and the order of restitution in the Trumbull County Court of Common Pleas. For the following reasons, we affirm in part and reverse in part the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On April 18, 2024, the Trumbull County Grand Jury indicted Thomas for Theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1). Thomas entered a guilty plea to this charge on October 4, 2024. The factual summary provided by the State indicated that Thomas rented certain items from a rental company and cancelled the

transaction, committing a theft in the amount of $4,590, and these items were not recovered. The court accepted the guilty plea.

{¶3} The court held a sentencing hearing on January 8, 2025. At the hearing, Thomas indicated he had been actively working to make restitution payments and counsel requested a community control sanction. The court noted Thomas owed restitution in other cases and continued the matter for a week to allow Thomas to provide evidence of his restitution payments.

{¶4} A second hearing was held on January 15, 2025. Thomas' counsel indicated that he had made a $125 payment toward a $4,100 restitution order in Stark County. The court found Thomas had minimal compliance with restitution orders from other counties; was on community control at the time of the offense; has an extensive criminal record, including multiple felonies; had served four prison sentences; is at a high risk to reoffend; is not amenable to community control; and a prison term was proportional to his conduct. The court ordered Thomas to serve a one-year prison term and pay restitution in the amount of $4,590.25 to First Choice Rentals.[1]

{¶5} Thomas timely appeals and raises the following assignments of error:

{¶6} "[1.] The trial court erred and abused its discretion in sentencing the appellant to prison, as there is a preference for community control rather than prison for a 5th degree felony."

{¶7} "[2.] The trial court erred when it prematurely disapproved the appellant for transitional control."

---

1. At one point in the sentencing transcript, the court indicated that the amount of restitution was $2,590.25. It appears this was either a typographical error or a misstatement given the court initially stated the amount of $4,590.25, included this amount in the sentencing entry, and it is consistent with the State's representation of the damages.

Case No. 2025-T-0006

{¶8} "[3.] The sentencing court erred and abused its discretion by failing to order a restitution hearing."

{¶9} "[4.] In the alternative to assignment of error 3, the failure to order a restitution hearing constitutes plain error under Ohio Criminal Rule 52(B)."

{¶10} "[5.] In the alternative to assignment of error 3, appellant received ineffective assistance of counsel if this court finds that his counsel failed to request a restitution hearing, failed to sufficiently dispute the state's restitution demand, and/or for failing to object to the restitution order to preserve the issue for review."

**Whether a Prison Sentence for a Fifth-Degree Felony is Contrary to Law**

{¶11} In his first assignment of error, Thomas argues that the trial court erred in sentencing him to a prison term since there is a "preference for community control" for a fifth-degree felony and community control would have effectively rehabilitated him.

{¶12} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). An appellate court may increase, reduce, modify or vacate a sentence "if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law." R.C. 2953.08(G)(2)(b); *State v. Marcum*, 2016-Ohio-1002, ¶ 1. A sentence is contrary to law where it does not fall within the offense's statutory range or where the court does not consider the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Siler*, 2024-Ohio-1211, ¶ 18 (11th Dist.); *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

{¶13} Pursuant to R.C. 2929.13(B)(1)(a), "[e]xcept as provided in division (B)(1)(b) of this section, if an offender" pleads guilty to a fifth-degree felony that is not a qualifying

offense, "the court shall sentence the offender to a community control sanction" if certain conditions apply. However, a community control sanction is not required where the offender has been convicted of a prior felony offense. R.C. 2929.13(B)(1)(a)(i). Further, R.C. 2929.13(B)(1)(b)(ix) and (x) provide that the trial court "has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence" under various circumstances, including if "the offender previously had served . . . a prison term" or "committed the offense while under a community control sanction."

{¶14} The trial court found that, as reflected in the presentence investigation report, Thomas had served prior prison terms and committed the present offense while on community control. Pursuant to R.C. 2929.13(B)(1)(b), this provided the court with discretion to order that Thomas serve a prison sentence rather than community control. *Siler* at ¶ 25 (where the defendant previously served a prison sentence and violated bond, "the trial court had the discretion to impose prison because . . . R.C. 2929.13(B)(1)(b) exceptions applied"). Thomas is correct that R.C. 2929.13(B) has been described as containing a "preference for community-control sanctions." *State v. Hitchcock*, 2019-Ohio-3246, ¶ 16. However, the statute specifically recognizes that community control is not always the most appropriate sanction, such as here given Thomas' criminal record and failure to be amenable to community control. *See State v. McCoy*, 2023-Ohio-1539, ¶ 26 (11th Dist.) ("the presumption was overcome" by appellant's criminal history).

{¶15} Thomas argues that the trial court did not mention R.C. 2929.13 when sentencing him. He does not point to any authority requiring the court to do so. Nonetheless, it is evident that the court recognized that it could exercise its discretion to

order a prison sentence given its findings outlined above consistent with R.C. 2929.13(B)(1)(b)(ix) and (x).

{¶16} Finally, Thomas contends that the court did not discuss the factors set forth in R.C. 2929.11 and .12 nor did they support a prison sentence. Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing." Further, it "shall consider the factors . . . relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism." R.C. 2929.12(A). The court stated, both at the sentencing hearing and in the sentencing entry, that it considered these statutes. This alone "[is] sufficient to satisfy the requirement that it considered these factors." *State v. Vickers*, 2024-Ohio-1115, ¶ 14 (11th Dist.). Further, the court's consideration of relevant factors, such as the risk of recidivism, was demonstrated by its review of Thomas' history of property crimes and commission of crimes while on community control.

{¶17} To the extent that Thomas takes issue with the weight the court gave the individual seriousness and recidivism factors, "this court cannot second-guess or weigh the evidence supporting the trial court's determination that its sentences are in compliance with R.C. 2929.12." *Id.* at ¶ 15. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42.

{¶18} The first assignment of error is without merit.

**Trial Court Order Opposing Transitional Control**

{¶19} In his second assignment of error, Thomas argues that the trial court "erred

Case No. 2025-T-0006

in opposing the Appellant's ability to participate in any programs run by the Ohio Department of Corrections" to shorten his sentence, specifically noting authority for the proposition that a court may not prematurely disapprove of transitional control. *State v. Bailey*, 2016-Ohio-2957, ¶ 11 (2d Dist.). Although he references "any programs," we will address transitional control since he provides legal authority and argument relating to this program specifically.

{¶20} In relevant part, the trial court's sentencing entry stated: "The Court will oppose any Ohio Department of Corrections early release, transitional control, alternative housing placement, or any other program currently run by the Ohio Department of Corrections or developed in the future designed to shorten the sentence imposed by this Court."

{¶21} We recognize that there are opposing authorities on this issue. Some districts have held that a court cannot prematurely rule on transitional control at sentencing. *Bailey* at ¶ 11; *State v. Spears*, 2011-Ohio-1538, ¶ 37 (5th Dist.). Other courts have concluded that a trial court can disapprove transitional control at the time of sentencing and such an order is authorized by law. *State v. Brown*, 2016-Ohio-310, ¶ 16 (1st Dist.); *State v. Toennisson*, 2011-Ohio-5869, ¶ 34 (12th Dist.).

{¶22} This court has recently addressed this issue in *State v. Talbert*, 2025-Ohio-3116 (11th Dist.). Therein, this court held that R.C. 2967.26, the statute setting forth the procedure for transitional control, does not provide a court with the legal authority to disapprove transitional control at sentencing. *Id.* at ¶ 22. It concluded that there are separate statutory schemes for felony sentences and transitional control, transitional control is not a penalty or sanction imposed by the sentencing court on the offender, and

Case No. 2025-T-0006

it is a separate program administered by the Ohio Department of Rehabilitation and Correction. *Id.* at ¶ 29. Since it is not a sanction, it could not be imposed as part of the sentence. *Id.* at ¶ 33. The trial court is authorized to disapprove of transitional control in certain circumstances which were not present here: where a defendant has become a prisoner, which is not the case at the time of the sentencing hearing, and where the court has received notice of the pendency of transfer of the defendant to transitional control triggering the court to determine whether it would deny such a transfer. *Id.* at ¶ 34; R.C. 2967.26(A)(2).

{¶23} Further, as this court recognized in *Talbert*, the common pleas court is not given notice of or provided the ability to deny transitional control in every circumstance and this is dependent upon the defendant's sentence. *Id.* at ¶ 34. Here, the trial court was not entitled to oppose or deny transitional control. R.C. 2967.26(A)(2) provides that, at least 60 days prior to transferring "a prisoner who is serving a definite term of imprisonment or definite prison term of *less than one year* for an offense committed on or after July 1, 1996" to transitional control, the division of parole shall give notice of the transfer to the court of common pleas "and of the fact that the court may disapprove the transfer of the prisoner to transitional control." (Emphasis added.) In the present matter, Thomas is serving a definite prison term of one year and was sentenced after 1996. This sentence does not qualify for notice to the court of common pleas. Further, the current version of Ohio Adm.Code 5120-12-01(F)(5) further clarifies that "[p]risoners serving a sentence for a crime committed on or after July 1, 1996 are not to be disapproved from transfer to transitional control by the court of common pleas . . . unless the prisoner is serving a definite prison term that is *less than one year* for an offense committed on or

Case No. 2025-T-0006

after July 1, 1996." (Emphasis added.) The court is not entitled to notice of the transfer or to disapprove such transfer since Thomas' sentence was not less than one year. For all of the foregoing reasons, the trial court was not entitled to oppose such transfer at the time of sentencing.

{¶24} We recognize that the trial court's entry states that it "will oppose" transitional control and does not explicitly state that it is "denied." However, this wording acts to indicate denial of transitional control before this issue has been brought before the trial court pursuant to the required statutory procedures and is premature. Further, even were the court permitted to deny transitional control in this matter, conveying that the court will oppose, i.e., deny, transitional control also "thwarts the design and purpose of the statute" to promote good behavior while a prisoner is incarcerated. *Spears*, 2011-Ohio-1358, at ¶ 34 (5th Dist.).

{¶25} For these reasons, the portion of the trial court's judgment stating that it opposes Thomas' participation in the transitional control program is clearly and convincingly contrary to law. That portion of the trial court's judgment is reversed and this case is remanded for the trial court to correct its sentencing entry in accordance with this opinion.

{¶26} The second assignment of error is with merit.

**Failure to Hold Restitution Hearing**

{¶27} In his third assignment of error, Thomas argues that the trial court erred by failing to hold a restitution hearing to determine whether the amount was fair. In his fourth assignment of error, Thomas argues that this constituted plain error.

{¶28} "Our standard of review for felony sentencing as set forth in R.C.

Case No. 2025-T-0006

2953.08(G)(2) also applies to restitution in felony sentences." *State v. Moore*, 2019-Ohio-2512, ¶ 43 (11th Dist.). Generally, "we will not reverse a sentence imposing restitution unless it is either contrary to law or clearly and convincingly not supported by the record." *Id.* However, since Thomas did not challenge the award below, we apply a plain error standard of review. *State v. Carroll*, 2018-Ohio-1884, ¶ 48 (11th Dist.) ("[f]ailure to object to the court's order of restitution . . . constitutes a waiver of all error except plain error") (citation omitted). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶29} "R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss." *State v. Williams*, 2021-Ohio-2814, ¶ 22 (11th Dist.). The court may impose "restitution by the offender to the victim of the offender's criminal offense . . . in an amount based on the victim's economic loss. . . . The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution." R.C. 2929.18(A)(1). "The court shall hold a hearing on restitution if the offender, victim, victim's representative, or victim's estate disputes the amount." *Id.*

{¶30} As to Thomas' assertion that the trial court erred by failing to hold a restitution hearing, we observe that "[a] trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered." *State v. Lalain*, 2013-Ohio-3093, ¶ 27. There is no question that neither Thomas nor any other party requested a restitution hearing, nor did Thomas raise any

Case No. 2025-T-0006

arguments disputing the award of restitution. *See State v. Pinkney*, 2010-Ohio-237, ¶ 28 (8th Dist.) ("The trial court ordered restitution in this amount. Because defendant did not dispute the amount of restitution, the court was not required to hold a hearing.").

**Ability to Pay Restitution and Payment Plan**

{¶31} Thomas next opines that the court made no determination as to his ability to pay restitution. It has been held that a trial court must consider an offender's present and future ability to pay restitution, although it need not consider any particular factors in doing so. *State v. Anderson*, 2007-Ohio-3849, ¶ 24 (11th Dist.). Compliance with this requirement occurs where the record "indicates a court has considered a pre-sentence investigation report." *Carroll*, 2018-Ohio-1884, at ¶ 52 (11th Dist.). Here, the court indicated it considered the presentence investigation report, which included details about Thomas' job, expenses, education, age, and health. The court also inquired about Thomas' employment and asked whether he had the ability to pay the victim, to which he responded affirmatively. We find no error relating to consideration of his ability to pay.

{¶32} Thomas also argues that the court did not consider the payment terms, i.e., "when" he would be required to pay and whether he could receive a payment plan. Thomas fails to cite legal authority for the proposition that a payment plan is required or that the court was required to state a specific term for payment. It has been held that "[a]lthough a trial court may specify the payment terms of any restitution ordered at sentencing, it is not required to do so." *State v. Scott*, 2024-Ohio-2274, ¶ 49 (10th Dist.).

**Amount of Restitution Order**

{¶33} Thomas further argues that a "hearing on restitution would have enabled the Court to make a determination as to how restitution should be made" and that the

Case No. 2025-T-0006

court issued its order without considering the fairness of the amount.

{¶34} "When reviewing orders of restitution, appellate courts review the record to determine whether or not 'the amount of the restitution [is] supported by competent, credible evidence . . . from which the court can discern the amount of the restitution to a reasonable degree of certainty.'" (Citation omitted.) *State v. Trost*, 2023-Ohio-3127, ¶ 16 (11th Dist.). As this court has explained, "[t]he amount of restitution cannot be based on speculation." *State v. Reynoso*, 2025-Ohio-3119, ¶ 12 (11th Dist.), citing *State v. McClain*, 2010-Ohio-6413, ¶ 43-44 (5th Dist.).

{¶35} At the sentencing hearing, the prosecutor indicated the restitution owed was $4,590.25. The PSI contains the following under a section titled "Victim's Statement": "The victim in this case is First Choice Rentals. They are seeking restitution in the amount of $4,590.25." Further, the police report included with the PSI indicated that Thomas purchased the items (a sofa, love seat, refrigerator, and stove) for $4,590.25. According to the representation of the victim's employee in that report, after Thomas took the items, the charges were disputed and "the company is now at a loss for the money and the merchandise." While "evidence" is required to demonstrate the amount of restitution, such evidence "is not limited to sworn testimony or authenticated documents" and can include the victim's statement or other information, such as the PSI and police reports contained therein. *State v. Spanks*, 2019-Ohio-678, ¶ 10 (10th Dist.); *State v. Klimczyk*, 2023-Ohio-3793, ¶ 16 (8th Dist.); *State v. Foster*, 2021-Ohio-1454, ¶ 44 (3d Dist.).

{¶36} Further, and significantly, Thomas conceded that restitution would be ordered. At the plea hearing, the prosecutor indicated that the theft was in the amount of $4,590 and defense counsel stated that this summary of the theft accurately reflected the

case against Thomas. At the sentencing hearing, Thomas admitted that the charge for the property in his possession had not gone through, i.e., he had not paid for the property, and stated that he was "trying . . . to pay back for it [the offense]." Counsel indicated that Thomas had made efforts to pay restitution and wanted the opportunity to "provid[e] restitution to the victims of this matter." The amount of the loss was stated multiple times during the proceedings and at no point did Thomas dispute the amount. A defendant's concession of the amount of restitution has been considered as evidence in addressing appellant's claim that the amount of restitution was established "to a reasonable degree of certainty." *State v. Maurer*, 2016-Ohio-1380, ¶ 15 (8th Dist.) (ultimately finding no plain error in award of restitution in part due to the concession).

{¶37} Courts have declined to find a lack of competent, credible evidence rising to the level of plain error in similar circumstances, particularly where there is some evidence in the record supported by the defendant's apparent concession of the amount of restitution in the trial court. In *State v. Jackson*, 2022-Ohio-807 (8th Dist.), the appellate court found that the exceptional circumstances necessary for plain error did not exist where the victim's requested amount of restitution was presented through the prosecutor, a presentence investigation report was prepared, and counsel did not challenge the restitution amount. *Id.* at ¶ 11. *See State v. Donaldson*, 2023-Ohio-234, ¶ 55 (2d Dist.) (plain error did not exist where the court ordered restitution matching the amount set forth in the PSI). In *State v. Couch*, 2025-Ohio-1943 (2d Dist.), the appellate court declined to exercise its discretion to notice plain error, where, although the State "failed to substantiate" the amount of restitution with evidence, the defendant's failure to object prohibited the State from remedying its omission by presenting such evidence. *Id.* at ¶

26. *Also Grove City v. Sample*, 2018-Ohio-4619, ¶ 25 (10th Dist.), citing *State v. Hughes*, 2001 WL 1651933, *2 (10th Dist. Dec. 27, 2001) (finding no plain error where restitution was established by "the prosecution's presentation of the amount of the victim's past medical bills . . ., coupled with the absence of an objection from defendant," noting that "the prosecution was not prompted to elaborate" on its statement of restitution given the defendant's lack of objection). Here, the evidence in the PSI coupled with Thomas' repeated failure to point to any issue with the amount of restitution and concessions regarding payment of restitution preclude him from now arguing that the State did not adequately prove the amount.

{¶38} The third and fourth assignments of error are without merit.

**Ineffective Assistance of Counsel**

{¶39} In his fifth assignment of error, Thomas argues that counsel was ineffective for failing to seek a restitution hearing, resulting in prejudice since "the Court did not make a separate determination of what restitution should be paid and how it should be paid."

{¶40} To demonstrate ineffective assistance, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." (Citation omitted.) *State v. Madrigal*, 87 Ohio St.3d 378, 388-389 (2000). "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶41} We do not find that there is a reasonable probability a different amount of

Case No. 2025-T-0006

restitution would have been awarded had counsel requested a hearing or otherwise objected to the restitution award. The amount ordered was consistent with the amount charged and then cancelled. Similarly, Thomas does not demonstrate that the court would have reached a different conclusion on his ability to pay or allow a payment plan if further arguments were raised by counsel. The court inquired into Thomas' employment and financial circumstances, as well as his history of restitution payments in other cases and had sufficient information before it reached its decision.

{¶42} The fifth assignment of error is without merit.

{¶43} For the foregoing reasons, the order of restitution is affirmed and Thomas' sentence for Theft is affirmed in part and reversed in part, and this matter is remanded with instructions for the trial court to correct its sentencing entry. Costs to be taxed against the parties equally.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the first, third, fourth, and fifth assignments of error are without merit and the second assignment of error is with merit. The order of this court is that the judgment of the Trumbull County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded with instructions for the trial court to correct its sentencing entry.

Costs to be taxed against the parties equally.

JUDGE SCOTT LYNCH

JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.